IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE: | | |
|---|---|---|
| | : | |
| | : | Chapter 11 |
| SEMCRUDE, L.P., et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | Case No. 08-11525-BLS |
| | : | |
| LUKE OIL COMPANY, et al., | : | |
| | : | Adv. Pro. No. 08-51407-BLS |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. Act. No. 08-221-JJF |
| | : | |
| SEMCRUDE, L.P., et al., | : | |
| | : | |
| Defendants. | : | |

Hartley B. Martyn, Esquire of MARTYN & ASSOCIATES, Cleveland,
Ohio.
Duane D. Werb, Esquire of WERB & SULLIVAN, Wilmington, Delaware.

Attorneys for Plaintiffs.

Michael Kessler, Esquire and Peter Gruenberger, Esquire of WEIL,
GOTSHAL & MANGES LLP, New York, New York.
Martin Sosland, Esquire and Silvia Mayer, Esquire of WEIL,
GOTSHAL & MANGES LLP, Dallas, Texas.
Mark D. Collins, Esquire; John H. Knight, Esquire; L. Katherine
Good, Esquire and Maris J. Finnegan, Esquire of RICHARDS, LAYTON
& FINGER, P.A., Wilmington, Delaware.

Attorneys for Defendants, the Debtors and Debtors-In-Possession.

**MEMORANDUM OPINION**

June 25, 2009
Wilmington, Delaware.

Joseph J. Farnon Jr.
Farnan, District Judge.

Pending before the Court is a Motion For Leave To Appeal (D.I. 1) filed by Plaintiffs, Luke Oil Company, C&S Oil/Cross Properties, Inc., Wayne Thomas Oil and Gas and William R. Earnhardt Co. For the reasons discussed, the Court will deny the Motion.

## I. Parties' Contentions

By their Motion, Plaintiffs seek leave to appeal the September 18, 2008 Order of the United States Bankruptcy Court for the District of Delaware establishing global procedures for resolving the rights and priorities of producers of oil and gas products, operators of oil and gas wells, and interest owners in the oil and gas wells (collectively, the "Producers") asserting lien rights and/or statutory trust claims with respect to the Debtors' assets (the "Procedures Order"). Specifically, the Procedures Order provides for all interested parties to participate in an adversary proceeding for the purpose of litigating common threshold questions. According to the Procedures Order separate adversary proceedings (the "Declaratory Judgment Actions") are to be filed for the Producers in each of eight oil and gas producing states. The Declaratory Judgment Actions are "the sole procedure . . . by and through which the [Bankruptcy] Court will determine the Threshold Questions of Law that will govern the legal rights of all Producers, Debtors,

their creditors, and all other parties in interest, with respect to the Statutory Lien Claims and/or Statutory Trust Claims." Although no Producer is required to join the Declaratory Judgment Actions to preserve their rights, the Procedures Order provides that all "decisions, rulings and determination made in the Declaratory Judgment Actions will be binding on Debtors, all Producers, the Pre-Petition secured Parties, and all other creditors and parties in interest, regardless of their participation or lack thereof in the Declaratory Judgment Actions." All other Adversary Proceedings are stayed pending resolution of the eight Declaratory Judgment Actions contemplated by the Procedures Order. After final judgment in those Declaratory Judgment Actions, the Bankruptcy Court intends to establish further procedures to litigate individual claims.

According to Plaintiffs, the Procedures Order has permanently stayed their Adversary Proceeding, and therefore, resolution of this appeal will materially advance their claims by either extinguishing their Adversary Complaints or allowing them to proceed. Plaintiffs also contend that the Procedures Order presents several controlling questions of law for which there are substantial grounds for a difference of opinion. Specifically, Plaintiffs contend that the Procedures Order (1) deprives interest owners of their ability to litigate their claims separately in violation of the Third Circuit's decision in In re

3

Janica Mansaray-Ruffin, 530 F.3d 230, 234 (3d Cir. 2008), (2)
divests interest owners of their appellate rights as aggrieved
persons in contravention of In re Jean E. Fryer, 235 Fed. Appx.
951, 954 (3d Cir. 2007) by requiring them to join the Declaration
Judgment Action, (3) provides no notice to the affected interest
owners, because there is no requirement within the Procedures
Order that it be served on all affected persons, and (4) provides
for improper "virtual representation" of interest owners contrary
to the Supreme Court's decision in Taylor v. Sturgell, 128 S. Ct.
2161 (2008).

        Alternatively, Plaintiffs contend that the Procedures Order
is immediately appealable under 28 U.S.C. § 1292(a), because it
has the practical effect of denying a preliminary injunction
motion.   In this regard, Plaintiffs point out that they moved for
injunctive relief requiring the Debtors to segregate trust funds
pursuant to Okla. Stat. § 570.10, but the Bankruptcy Court
refused to hear Plaintiffs' request for injunctive relief.
Because this refusal to hear the motion operates as a denial of
their motion, Plaintiffs contend that the Procedures Order is
immediately appealable.

        The Debtors have objected to Plaintiffs' Motion contending
that the Procedures Order sets forth a well-coordinated method
for presenting the Bankruptcy Court with the numerous legal
issues related to the Producers' claims.   The Debtors contend

that the Procedures Order does not harm or prejudice Plaintiffs,
and that Plaintiffs cannot establish grounds for an interlocutory
or immediate appeal.

The Official Committee of Unsecured Creditors has joined in
the Debtors' Objection to Plaintiffs' Motion.  In addition, Bank
of America, N.A., in its capacity as administrative agent for
itself and other pre-petition and post-petition secured lenders,
has filed an Opposition to Plaintiffs' Motion.

## II.  Discussion

### A.   Whether Plaintiff's Are Entitled To An Immediate Appeal Under 28 U.S.C. § 1292(a)(1)

In pertinent part, 28 U.S.C. § 1292(a)(1) provides an
appellate court with jurisdiction over interlocutory orders
granting, continuing, modifying, refusing or dissolving
injunctions.  An order that has the practical effect of denying
an injunction may also be appealed under this provision.  This
includes the circumstance in which a court declines to make a
formal ruling on a preliminary injunction motion.  However, such
an order may only be appealed under Section 1292(a)(1) if it has
a "serious, perhaps irreparable consequence" and the order can
only be effectively challenged by an immediate appeal.  Carson v.
American Brands, Inc., 450 U.S. 79, 83 (1981); Rolo v. General
Dev. Corp., 949 F.2d 695 (3d Cir. 1991).

In this case, the Bankruptcy Court indicated to Plaintiffs'
counsel that Plaintiffs were "stayed" from requesting to proceed

on their motion seeking injunctive relief as a result of the
Procedures Order.  Plaintiffs contend that this operates as a
refusal to address their motion.  However, as the Debtors point
out, the basis for Plaintiffs' motion for injunctive relief,
which was to protect the alleged *res* of the trust, was
essentially mooted by the Debtors agreement to suspend the
tracing requirement as of the Petition Date, which eliminated the
risk of dissipation of the trust's *res*.  In these circumstances,
the Court cannot conclude that the Bankruptcy Court's refusal to
consider their injunction motion has serious, perhaps irreparable
consequences.  Accordingly, the Court concludes that Plaintiffs
are not entitled to an immediate appeal of the Procedures Order
based on the Bankruptcy Court's decision to forgo ruling on their
injunction motion.

B.    Whether Plaintiffs Should Be Permitted To Pursue An
      Interlocutory Appeal Under 28 U.S.C. § 1292(b)

The decision of whether to grant leave to file an
interlocutory appeal is informed by the criteria set forth in 28
U.S.C. § 1292(b), which governs interlocutory appeals from the
district courts to the courts of appeal.  See In Re Magic
Restaurants, Inc., 202 B.R. 24, 25 (D. Del.1996).  Leave to file
an interlocutory appeal may be granted when the order at issue
(1) involves a controlling question of law upon which there is
(2) substantial grounds for difference of opinion as to its

6

correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corporation, 496 F.2d 747, 754 (3d Cir. 1974). However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal. Leave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. Id. Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until the entry of a final judgement, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist. Magic Restaurants, 202 B.R. at 26 (citations omitted).

Reviewing the circumstances of this case, in light of the applicable legal principles, the Court cannot conclude that an interlocutory appeal of the Procedures Order is warranted. Plaintiffs raise concerns about the lack of notice provided in the Procedures Order; however, it is apparent to the Court that the issue of notice is being addressed by the Bankruptcy Court through its Reconsideration Order. As for Plaintiffs' argument that the omnibus complaint fails to assert certain claims that they wish to pursue, the Court notes that the Bankruptcy Court expressly recognized that those claims were not precluded, but

7

would only be deferred until a later date.   (Tr. 10/30/08 at
14:21-25).

     As for Plaintiffs' arguments concerning their right to
appeal under In re Jean Fryer, 235 Fed. Appx. 951, 954 (3d Cir.
2007) and the alleged use of "virtual representation" in
violation of the Supreme Court's decision in Taylor v. Sturgell,
128 S. Ct. 2161 (2008), the Court expresses no comment as to the
validity of those arguments.   Rather, the Court concludes only
that the issues Plaintiffs raise are not appropriate for
interlocutory adjudication.   Plaintiffs' separate adversary
proceeding has been stayed, not dismissed.   Moreover, the issue
of whether Plaintiffs will ultimately be bound by the Declaratory
Judgment Actions need not be determined at this juncture.   There
are parties willing to participate in the omnibus Declaratory
Judgment Actions, and those plaintiffs are currently before the
Bankruptcy Court waiting to move forward.   Thus, it is unclear to
the Court how an immediate appeal will "materially advance" the
ultimate termination of the bankruptcy proceedings, as those
claimants will require resolution of their claims, regardless of
whether Plaintiffs will ultimately be bound by the Procedures
Order.   Indeed, re-litigation of the claims will not be required
for those Producers who have already joined in the Declaratory
Actions, and therefore, the Court cannot conclude that
Plaintiffs' proposed interlocutory appeal will avoid the waste of

the parties or the Court's resources.   Further, the Court is not persuaded that Plaintiffs will be unduly prejudiced if the Declaratory Judgment Actions move forward, because the question of whether they will, in fact, be bound by their outcome can be litigated at a later date.   In these circumstances, the Court cannot conclude that Plaintiffs have satisfied the criteria for interlocutory appeal, and therefore, the Court will deny their Motion For Leave To Appeal.

## III. CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs Motion For Leave To Appeal.

An appropriate Order will be entered.