IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| SEMCRUDE, L.P., et al., | : Jointly Administered |
| | : |
| Debtors. | : Case No. 08-11525-BLS |
| | : |
| LUKE OIL COMPANY, et al., | : |
| | : Adv. Pro. No. 08-51407-BLS |
| Plaintiffs, | : |
| | : |
| v. | : Misc. Act. No. 08-221-JJF |
| | : |
| SEMCRUDE, L.P., et al., | : |
| | : |
| Defendants. | : |

Hartley B. Martyn, Esquire of MARTYN & ASSOCIATES, Cleveland, Ohio.
Duane D. Werb, Esquire of WERB & SULLIVAN, Wilmington, Delaware.

Attorneys for Plaintiffs.

Michael Kessler, Esquire and Peter Gruenberger, Esquire of WEIL, GOTSHAL & MANGES LLP, New York, New York.
Martin Sosland, Esquire and Silvia Mayer, Esquire of WEIL, GOTSHAL & MANGES LLP, Dallas, Texas.
Mark D. Collins, Esquire; John H. Knight, Esquire; L. Katherine Good, Esquire and Maris J. Finnegan, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Defendants, the Debtors and Debtors-In-Possession.

## MEMORANDUM OPINION

June 25, 2009
Wilmington, Delaware.

Joseph J. Farnan Jr.
Farnan, District Judge.

Pending before the Court is a Motion For Leave To Appeal (D.I. 1) filed by Plaintiffs, Luke Oil Company, C&S Oil/Cross Properties, Inc., Wayne Thomas Oil and Gas and William R. Earnhardt Co. For the reasons discussed, the Court will deny the Motion.

I. **Parties' Contentions**

By their Motion, Plaintiffs seek leave to appeal the September 18, 2008 Order of the United States Bankruptcy Court for the District of Delaware establishing global procedures for resolving the rights and priorities of producers of oil and gas products, operators of oil and gas wells, and interest owners in the oil and gas wells (collectively, the "Producers") asserting lien rights and/or statutory trust claims with respect to the Debtors' assets (the "Procedures Order"). Specifically, the Procedures Order provides for all interested parties to participate in an adversary proceeding for the purpose of litigating common threshold questions. According to the Procedures Order separate adversary proceedings (the "Declaratory Judgment Actions") are to be filed for the Producers in each of eight oil and gas producing states. The Declaratory Judgment Actions are "the sole procedure . . . by and through which the [Bankruptcy] Court will determine the Threshold Questions of Law that will govern the legal rights of all Producers, Debtors,

2

their creditors, and all other parties in interest, with respect to the Statutory Lien Claims and/or Statutory Trust Claims." Although no Producer is required to join the Declaratory Judgment Actions to preserve their rights, the Procedures Order provides that all "decisions, rulings and determination made in the Declaratory Judgment Actions will be binding on Debtors, all Producers, the Pre-Petition secured Parties, and all other creditors and parties in interest, regardless of their participation or lack thereof in the Declaratory Judgment Actions." All other Adversary Proceedings are stayed pending resolution of the eight Declaratory Judgment Actions contemplated by the Procedures Order. After final judgment in those Declaratory Judgment Actions, the Bankruptcy Court intends to establish further procedures to litigate individual claims.

According to Plaintiffs, the Procedures Order has permanently stayed their Adversary Proceeding, and therefore, resolution of this appeal will materially advance their claims by either extinguishing their Adversary Complaints or allowing them to proceed. Plaintiffs also contend that the Procedures Order presents several controlling questions of law for which there are substantial grounds for a difference of opinion. Specifically, Plaintiffs contend that the Procedures Order (1) deprives interest owners of their ability to litigate their claims separately in violation of the Third Circuit's decision in In re

Janica Mansaray-Ruffin, 530 F.3d 230, 234 (3d Cir. 2008), (2) divests interest owners of their appellate rights as aggrieved persons in contravention of In re Jean E. Fryer, 235 Fed. Appx. 951, 954 (3d Cir. 2007) by requiring them to join the Declaration Judgment Action, (3) provides no notice to the affected interest owners, because there is no requirement within the Procedures Order that it be served on all affected persons, and (4) provides for improper "virtual representation" of interest owners contrary to the Supreme Court's decision in Taylor v. Sturgell, 128 S. Ct. 2161 (2008).

Alternatively, Plaintiffs contend that the Procedures Order is immediately appealable under 28 U.S.C. § 1292(a), because it has the practical effect of denying a preliminary injunction motion. In this regard, Plaintiffs point out that they moved for injunctive relief requiring the Debtors to segregate trust funds pursuant to Okla. Stat. § 570.10, but the Bankruptcy Court refused to hear Plaintiffs' request for injunctive relief. Because this refusal to hear the motion operates as a denial of their motion, Plaintiffs contend that the Procedures Order is immediately appealable.

The Debtors have objected to Plaintiffs' Motion contending that the Procedures Order sets forth a well-coordinated method for presenting the Bankruptcy Court with the numerous legal issues related to the Producers' claims. The Debtors contend

that the Procedures Order does not harm or prejudice Plaintiffs, and that Plaintiffs cannot establish grounds for an interlocutory or immediate appeal.

The Official Committee of Unsecured Creditors has joined in the Debtors' Objection to Plaintiffs' Motion. In addition, Bank of America, N.A., in its capacity as administrative agent for itself and other pre-petition and post-petition secured lenders, has filed an Opposition to Plaintiffs' Motion.

**II. Discussion**

    A. <u>Whether Plaintiff's Are Entitled To An Immediate Appeal Under 28 U.S.C. § 1292(a)(1)</u>

In pertinent part, 28 U.S.C. § 1292(a)(1) provides an appellate court with jurisdiction over interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions. An order that has the practical effect of denying an injunction may also be appealed under this provision. This includes the circumstance in which a court declines to make a formal ruling on a preliminary injunction motion. However, such an order may only be appealed under Section 1292(a)(1) if it has a "serious, perhaps irreparable consequence" and the order can only be effectively challenged by an immediate appeal. <u>Carson v. American Brands, Inc.</u>, 450 U.S. 79, 83 (1981); <u>Rolo v. General Dev. Corp.</u>, 949 F.2d 695 (3d Cir. 1991).

In this case, the Bankruptcy Court indicated to Plaintiffs' counsel that Plaintiffs were "stayed" from requesting to proceed

on their motion seeking injunctive relief as a result of the Procedures Order. Plaintiffs contend that this operates as a refusal to address their motion. However, as the Debtors point out, the basis for Plaintiffs' motion for injunctive relief, which was to protect the alleged *res* of the trust, was essentially mooted by the Debtors agreement to suspend the tracing requirement as of the Petition Date, which eliminated the risk of dissipation of the trust's *res*. In these circumstances, the Court cannot conclude that the Bankruptcy Court's refusal to consider their injunction motion has serious, perhaps irreparable consequences. Accordingly, the Court concludes that Plaintiffs are not entitled to an immediate appeal of the Procedures Order based on the Bankruptcy Court's decision to forgo ruling on their injunction motion.

B. <u>Whether Plaintiffs Should Be Permitted To Pursue An Interlocutory Appeal Under 28 U.S.C. § 1292(b)</u>

The decision of whether to grant leave to file an interlocutory appeal is informed by the criteria set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal. See <u>In Re Magic Restaurants, Inc.</u>, 202 B.R. 24, 25 (D. Del.1996). Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its

correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. <u>Katz v. Carte Blanche Corporation</u>, 496 F.2d 747, 754 (3d Cir. 1974). However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal. Leave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. <u>Id.</u> Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until the entry of a final judgement, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist. <u>Magic Restaurants</u>, 202 B.R. at 26 (citations omitted).

Reviewing the circumstances of this case, in light of the applicable legal principles, the Court cannot conclude that an interlocutory appeal of the Procedures Order is warranted. Plaintiffs raise concerns about the lack of notice provided in the Procedures Order; however, it is apparent to the Court that the issue of notice is being addressed by the Bankruptcy Court through its Reconsideration Order. As for Plaintiffs' argument that the omnibus complaint fails to assert certain claims that they wish to pursue, the Court notes that the Bankruptcy Court expressly recognized that those claims were not precluded, but

7

would only be deferred until a later date.  (Tr. 10/30/08 at 14:21-25).

As for Plaintiffs' arguments concerning their right to appeal under In re Jean Fryer, 235 Fed. Appx. 951, 954 (3d Cir. 2007) and the alleged use of "virtual representation" in violation of the Supreme Court's decision in Taylor v. Sturgell, 128 S. Ct. 2161 (2008), the Court expresses no comment as to the validity of those arguments.  Rather, the Court concludes only that the issues Plaintiffs raise are not appropriate for interlocutory adjudication.  Plaintiffs' separate adversary proceeding has been stayed, not dismissed.  Moreover, the issue of whether Plaintiffs will ultimately be bound by the Declaratory Judgment Actions need not be determined at this juncture.  There are parties willing to participate in the omnibus Declaratory Judgment Actions, and those plaintiffs are currently before the Bankruptcy Court waiting to move forward.  Thus, it is unclear to the Court how an immediate appeal will "materially advance" the ultimate termination of the bankruptcy proceedings, as those claimants will require resolution of their claims, regardless of whether Plaintiffs will ultimately be bound by the Procedures Order.  Indeed, re-litigation of the claims will not be required for those Producers who have already joined in the Declaratory Actions, and therefore, the Court cannot conclude that Plaintiffs' proposed interlocutory appeal will avoid the waste of

the parties or the Court's resources. Further, the Court is not persuaded that Plaintiffs will be unduly prejudiced if the Declaratory Judgment Actions move forward, because the question of whether they will, in fact, be bound by their outcome can be litigated at a later date. In these circumstances, the Court cannot conclude that Plaintiffs have satisfied the criteria for interlocutory appeal, and therefore, the Court will deny their Motion For Leave To Appeal.

### III. CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs Motion For Leave To Appeal.

An appropriate Order will be entered.